# EXHIBIT "B"

IN THE DISTRICT COURT OF BRYAN COUNTY, OKLAHOMA
STATE OF OKLAHOMA

| | | |
|---|---|---|
| **BRANDON LILLIE** and **CHRISTI THOMPSON,** | § § § § § § § § § § § | FILED BRYAN COUNTY, OKLAHOMA DISTRICT COURT CLERK<br><br>SEP 03 2020<br><br>DONNA ALEXANDER COURT CLERK<br>BY _____ Deputy<br><br>CASE NO. CJ-2020-162<br><br>JURY TRIAL REQUESTED |
| PLAINTIFFS, | | |
| vs. | | |
| **USA TRUCK, INC.** and **ALEXANDER STRANGE,** | | |
| DEFENDANTS. | | |

## PLAINTIFFS' ORIGINAL PETITION

Plaintiffs, Brandon Lillie and Christi Thompson, file this their Original Petition against Defendants, USA Truck, Inc. and Alexander Strange, and allege as follows:

### PARTIES AND SERVICE

1. Brandon Lillie is a resident citizen of The Colony, Denton County, Texas.

2. Christi Thompson is a resident citizen of The Colony, Denton County, Texas.

3. USA Truck, Inc. is a corporation organized under the laws of Delaware with its principal place of business at 3200 Industrial Park Road, Van Buren, AR 72956, and can be served by serving process upon James Reed, Chief Executive Officer, 3200 Industrial Park Road, Van Buren, AR 72956.

4. Alexander Strange is an individual resident of the State of Georgia who can be served at 144 Black Springs Rd. NE, Milledgeville, GA 31061, or wherever he is found.

### JURISDICTION AND VENUE

5. The amount in controversy exceeds $75,000, exclusive of interest and costs.

6. The events giving rise to this lawsuit occurred in Bryan County, Oklahoma.

7. Nothing Plaintiffs did caused or contributed to this occurrence.

PLAINTIFFS' ORIGINAL PETITION – PAGE 1 OF 5

## FACTS

8. On or about September 16, 2018, Plaintiffs Brandon Lillie and Christi Thompson were traveling southbound on US HWY 69 in Bryan County, Oklahoma. Defendant Alexander Strange who was driving an 18-wheeler owned by USA Truck Inc., was traveling behind the Plaintiffs. Suddenly and without warning, Defendant Alexander Strange slammed the 18-Wheeler into the rear of the Plaintiffs' vehicle. The negligence and/or negligence per se of the Defendants proximately caused permanent and severe damages to the Plaintiffs' neck, back and body generally.

## DEFENDANT ALEXANDER STRANGE

9. The collision made the basis of this lawsuit resulted from the improper conduct of Defendant Alexander Strange. The conduct of this Defendant constituted negligence and/or negligence per se as that term is understood in law and such negligent conduct was a proximate cause of the occurrence, injuries and damages to the Plaintiff made the basis of this suit. This Defendant's negligent actions or omissions included, but are not limited to, one or more of the following non-exclusive particulars:

   a. failing to keep a proper lookout;

   b. driver inattention;

   c. failing to operate a vehicle as a person of ordinary prudence would have in the same or similar circumstance; and/or

   d. other acts of negligence and/or negligence per se.

10. One, some, or all of the foregoing acts and/or omissions or others on the part of this Defendant constituted negligence and such negligence was a proximate cause of the occurrence and Plaintiffs' injuries and damages.

## DEFENDANT USA TRUCK, INC.

11. Defendant USA Truck, Inc., was the owner of the vehicle driven by Defendant Alexander Strange. At all times material to this lawsuit, Defendant Alexander Strange was an employee of this Defendant and was acting within the course and scope of his employment with this Defendant. Consequently, this Defendant is vicariously liable to Plaintiff for the negligent conduct of Defendant Alexander Strange under the theory of *respondeat superior*.

12. The independent conduct of this Defendant constitutes negligence and/or negligence per se as that term is known in law. Such negligent acts or omission include, but are not limited to the following:

   a. hiring and/or retaining Defendant Alexander Strange whom it knew or should have known was a reckless or incompetent driver;

   b. entrusting a vehicle to Defendant Alexander Strange whom it knew or should have known was a reckless or incompetent driver;

   c. failing to properly train Defendant Alexander Strange in the safe motor vehicle operation; and

   d. failing to properly supervise Defendant Alexander Strange driving activities.

13. One, some, or all of the foregoing acts and/or omissions or others on the part of said Defendants constituted negligence and such negligence was a proximate cause of the occurrence and Plaintiffs' injuries and damages.

## DAMAGES

14. As a result of the incident made the basis of this lawsuit described in the preceding paragraphs and the negligence of Defendant, Plaintiff sustained significant injuries and damages in the past and will in reasonable probability sustain these damages in the future.

15. Plaintiffs respectfully request that the trier of fact determine the amount of their damages and losses that they have incurred in the past and will reasonably incur in the future, as well as the monetary value of these damages, which include, but are not limited to:

   a. Physical pain and mental anguish;
   b. Loss of earning capacity;
   c. Disfigurement;
   d. Physical impairment;
   e. Medical care expenses;
   f. Out-of-pocket economic losses.

16. Because of all of the above and foregoing Plaintiffs have suffered actual damages in excess of the minimum jurisdictional limits of the Court for which damages Plaintiffs now brings suit.

17. Plaintiffs seek both prejudgment and post judgment interest as allowed by law, for all costs of court, and all other relief, both in law and in equity, to which she may be entitled.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that each Defendant to be cited in terms of law to appear and answer herein, that upon final trial and hearing hereof, that Plaintiffs recover damages in accordance with the evidence, that Plaintiffs recover costs of court herein expended, that Plaintiffs recover interest to which Plaintiffs are justly entitled under the law, and for such other further relief, both general and special, both in law and in equity, to which Plaintiffs may be justly entitled.

Respectfully submitted,

W. CULLEN MCMAHON, PLLC

BY: _____
W. Cullen McMahon
Oklahoma Bar No. 21020
12221 Merit Drive, Suite 945
Dallas, Texas 752
(214) 810-4878 – Telephone
(214) 810-4879 – Facsimile
cullen@mcmahonlawfirm.com

ATTORNEY FOR PLAINTIFFS

ATTORNEY LIEN CLAIMED